UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 2 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

BRUD ROSSMANN, )
)
      Plaintiff, )
)
v. ) Civil Action No.
)
U.S. ATTORNEY GENERAL, *et al.*, )
)    **11 1518**
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. For the reasons discussed below, the complaint will be dismissed as frivolous.

Plaintiff, a former federal employee and applicant to the Witness Protection Program, alleges that methamphetamine was trafficked by and through the Departments of Defense and Justice, and that the drug was administered to him without his consent in the course of a medical research project. Among other relief, plaintiff demands damages of $100 million and injunctive relief to halt this medical research.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The Court has the discretion to

decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 8/18/11